IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01410-DDD-KLM

SHAUN ALLEN CLARK,

     Plaintiff,

v.

JEFF SHRADER,
JEFFERSON COUNTY SHERIFF'S DEPT.,
JEFFERSON COUNTY COMBINED COURTS, and
WESTMINSTER MUNICIPAL COURT,

     Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Dismiss Prisoner Complaint [ECF No. 1]** [#17][1] filed by Defendants Jeff Shrader ("Shrader") and Jefferson County Sheriff's Department ("JCSD"). Plaintiff, who proceeds as a pro se litigant,[2] filed two Responses [#35, #42] in opposition to the Motion [#17], Defendants Shrader and JCSD filed two Replies [#39, #45], and Plaintiff filed a Surreply [#46]. The Motion [#17] has been

_____

[1] "[#17]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1. *See* [#36].  The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.[3]  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#17] be **GRANTED**.

### I. Background[4]

Plaintiff is a pretrial detainee who has been housed at the Jefferson County Detention Facility ("JCDF" or the "Jail") at all times relevant to this lawsuit. *Compl.* [#1] at 4.  He states that, during the COVID-19 pandemic, Defendants Shrader, JCSD, and Jefferson County Combined Courts have chosen more than half of the jail's population to release early, to lower their bonds drastically, or to give personal recognizance bonds, in an attempt to decrease the number of people at the jail.  *Id.*  He states that has seen people with gun charges on parole get personal recognizance bonds, strangulation charges dropped to misdemeanors and the person released, and "every other charge you can think of" get released as well.  *Id.*  He states that many early releases and charges have been dropped to a summons to court.  *Id.*

Plaintiff states that he has two open lawsuits, one against a prosecuting attorney for allegedly dropping misdemeanor charges and raising felony charges against him to keep him held ninety days past his Speedy Trial date, and the other a double jeopardy

---

[3]  The Court notes that Defendants Westminster Municipal Court and Jefferson County Combined Courts have only recently been served.  *See* [#60].  Thus, any claims asserted against those Defendants are not at issue in the present Recommendation.

[4]  All well-pled facts from the Complaint [#1] are accepted as true and viewed in the light most favorable to Plaintiff, as the non-movant. *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

case involving alleged illegal sentencing against Defendant Shrader.  *Id.*  Plaintiff states that, because of these lawsuits, he has been discriminated against by not being released. *Id.*  He states that "[t]o choose any one person over another that doesn't face a capital crime to release during this time is blatant discrimination."  *Id.*

Plaintiff states that he is now stuck in quarantine and that everyone at the jail is either showing symptoms of COVID-19 or has already tested positive for the virus.  *Id.*  He states that he is over forty years old and a life-long asthmatic, and therefore he fears for his life.  *Id.*  His quarantine space includes the entirety of Module 5d, comprised of approximately 40-50 men.  *Id.* at 5.  He further states that they "are currently being held on the 7th floor in complete isolation from one another 23 hours[s] a day lockdown and only see medical once in the morning and once at night."  *Id.*  Before everyone became sick, Plaintiff and other inmates asked for appropriate personal protective equipment and social distancing guidelines, "as well as some sort of protocol pertaining to movement of inmates/deputies and especially new inmates brought in from the street."  *Id.*  Plaintiff specifically points to a man named Mr. Montoya who was brought in and placed in general population in Plaintiff's Module 5d even though he was obviously very sick.  *Id.* at 5-6.

As a result of these allegations, Plaintiff explicitly asserts one claim for discrimination.  *Id.* at 4.  Defendants also construe the Complaint [#1] as asserting a claim for deliberate indifference to health and safety.  *Motion* [#17] at 2; *see also Response* [#42] at 3 (discussing deliberate indifference).  Plaintiff seeks $50 million dollars and "a public apology made to myself and all the people who are suffering the COVID-19 pandemic by being held at Jefferson County Jail" by Defendants.  *Compl.* [#1] at  8.  In the present Motion [#17], Defendants Shrader and JCSD seek dismissal of all aspects of Plaintiff's

claim(s).

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

-4-

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

#### A.    Equitable/Injunctive Relief

Plaintiff asks for "a public apology made to myself and all the people who are suffering the COVID-19 pandemic by being held at Jefferson County Jail" by Defendants. *Compl.* [#1] at 8. The Court therefore first addresses the issue of the appropriateness of requiring an apology as equitable/injunctive relief in a section 1983 case.

In *Dahn v. Adoption Alliance*, 164 F. Supp. 3d 1294, 1318 (D. Colo. 2016), *rev'd on other grounds by Dahn v. Amedei*, 867 F.3d 1178 (10th Cir. 2017), the Court examined a similar issue, where the plaintiff had stated "that he seeks only an equitable, injunctive remedy in the form of an apology." The Court noted that "there appears to be a split in authority as to whether a federal district court may award equitable relief in the form of an apology." *Dahn*, 164 F. Supp. 3d at 1318 (citing *Villescas v. Abraham*, 285 F. Supp. 2d 1248, 1256 (D. Colo. 2003) (stating that an apology was a permissible equitable remedy); *Wells v. Lobb & Co., Inc.*, Nos. Civ.A. 97-WM-1011, Civ.A. 97-WM-1317, Civ.A. 98-WM-279, 1999 WL 1268331 (D. Colo. Dec. 1, 1999) (ordering defendants to deliver letter of apology to plaintiff); *Kitchen v. Essex Cnty. Corr. Facility*, No. 12-2199 (JLL), 2012 WL

1994505, at *4 (D.N.J. May 31, 2012) (holding that an apology is not cognizable remedy "either within the meaning of a § 1983 action or as a general legal remedy"); *Norris v. Poole*, No. 8:10-750-JFA-BHH, 2010 WL 1903970, at *3 (D.S.C. Apr. 19, 2010) (stating that an apology is only available "in extraordinary circumstances"); *Burkes v. Tranquilli*, No. 08-474, 2008 WL 2682606, at *4 (W.D. Pa. July 2, 2008) (stating that an apology is not an appropriate remedy); *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (holding that "the district court exceeded its equitable power when it ordered [defendant] to apologize"); *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974) (noting that the court was "not commissioned to run around getting apologies"); *Rumbles v. Hill*, 182 F.3d 1064, 1066-67 (9th Cir. 1999), *overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001) (stating that the district court correctly "held that it had no power to...compel a party to apologize.")).

Despite this split, the *Dahn* court ultimately held that it could not order one party to apologize to another in a § 1983 action:

> The Court finds more persuasive those cases finding that a court ordered apology is generally an inappropriate remedy. The Court is not aware of any authority finding it appropriate to enjoin a party to submit an apology in connection with a plaintiff's § 1983 claim, yet the Court is cognizant of the constitutional implications attendant to enjoining a party to make statements that may run contrary to his or her beliefs. And the fact that Plaintiff seeks an apology from these Defendants in their official capacities . . . reinforces the Court's belief that this remedy should be available, if at all, only in extraordinary circumstances. The Court finds that this remedy would be inappropriate in this case, and that this Court is without power to order such remedy in the first instance.

*Dahn*, 164 F. Supp. 3d at 1318.

For essentially the reasons stated in *Dahn*, the Court agrees that enjoining one party

to issue an apology to another party in a § 1983 action is inappropriate.[5]  This is especially true given that the Courts of Appeals which have considered this issue have reached the same conclusion.  *See Woodruff*, 29 F. App'x at 346 (Sixth Circuit); *Rumbles v. Hill*, 182 F.3d at 1066-67 (Ninth Circuit).

Accordingly, the Court **recommends** that Plaintiff's request for equitable/injunctive relief in the form of an apology be **dismissed with prejudice**.  *See Reynoldson   v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should attach to a dismissal when the plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues").[6]

## B.    Defendant JCSD

Defendants Shrader and JCSD argue that Defendant JCSD "is not a suable entity under § 1983 because it 'does not exist as a separate legal entity,' independent of Jefferson County itself."  *Motion* [#17] at 4.  For the following reasons, the Court agrees.

---

[5]  The Court notes, however, that it is aware of no reason why an apology may not be included as part of a voluntary settlement agreement between parties to a § 1983 action.

[6]  The Court notes that Plaintiff does not explicitly ask for injunctive relief in the form of his release from the Jail, although this could perhaps be implied from his various statements in the Complaint [#1].  The District Judge briefly addressed this issue early in the case.  *See Order* [#11] ("To the extent, then, that Mr. Clark's complaint seeks his immediate release, the Court is unable to grant that request.  To the extent Mr. Clark wishes to seek any other form of preliminary injunctive relief, he must file an appropriate motion pursuant to Federal Rule of Civil Procedure 65.").  In addition, the Court notes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)).  "[R]elease from custody is not an available remedy in a § 1983 action."  *Brown v. Sedgwick Cnty. Sheriff's Office*, 513 F. App'x 706, 707 (10th Cir. 2013); *see also Graham v. Waters*, 805 F. App'x 572 (10th Cir. 2020) (stating that an inmate's "request for an injunction ordering his immediate release from custody is not a cognizable request for relief in this § 1983 claim").  Regardless, it appears that Plaintiff is no longer held at JCDF and is now at the Denver Reception & Diagnostic Center, thereby making any request for release moot as to Defendants Shrader and JCSD.  *See* [#64, #65, #67, #69].

"Under Colorado law municipalities and counties, not their various subsidiary departments, exist as 'bodies corporate and politic' empowered to 'sue and be sued.'" *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993) (citing Colo. Rev. Stat. §§ 31–15–101(1)(a) and 30–11–101(1)(a)). "[T]he Jefferson County Sheriffs Department . . . [is] not [a] separate entit[y] from Jefferson County, and, therefore [is] not [a] 'person[ ]' under 42 U.S.C. § 1983." *Stone v. Jefferson Cnty. Detention Facility*, No. 20-cv-00835-LTB-GPG, 2020 WL 5405794, at *2 (D. Colo. July 9, 2020) (citing *Stump*, 777 F. Supp. at 814-16); *see also Lindsey v. Thomson*, 275 F. App'x 744, 777 (10th Cir. 2007) (noting that sheriff's departments are not usually legally suable entities).

Accordingly, because Defendant JCSD is not a proper defendant, the Court **recommends** that all claims asserted against it be **dismissed with prejudice**. *See, e.g.*, *Sarnella v. Kuhns*, No. 18-cv-00779-PAB-NYW, 2019 WL 1112388, at *2, 4 (D. Colo. Mar. 8, 2019) (dismissing the Jefferson County Sheriff's Department with prejudice as a non-suable entity).[7]

## C.   Defendant Shrader

### 1.      Discrimination/Equal Protection

The Equal Protection Clause of the Fourteenth Amendment declares that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." In other words, government actors may not treat similarly situated persons differently without a lawful justification. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012).

---

[7] The Court notes that Defendants Shrader and JCSD concede that Defendant Shrader, in his official capacity as Sheriff of the Jefferson County Sheriff's Office, is the proper party to sue for any claims relating to Defendant JCSD. *Motion* [#17] at 4.

Commonly this applies to class-based discrimination, i.e. treating a person differently because he is a member of a protected class, but here Plaintiff has not alleged that he is a member of a protected class, and therefore he appears to be alleging that he has been singled out as part of a "class of one."  *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008).  The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

To plausibly allege an equal protection claim for a class of one, Plaintiff must show: (1) that he was "intentionally treated differently from others similarly situated" in all material respects; and (2) "that there is no rational basis for the difference in treatment[,]" i.e., the government action is abusive and not related to any legitimate objective.  *Olech*, 528 U.S. at 564; *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1210 (10th Cir. 2006); *see also Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).  For the reasons stated below, the Court finds that Plaintiff has failed to provide sufficient allegations to state an equal protction class-of-one claim.

Regarding the first element, "[t]he allegations necessary to establish this level of similarity will vary depending on the nature of the case, and '[t]he more variables involved in the government action at issue, the more specifics the plaintiff will need to allege to allow for meaningful comparison between the plaintiff's (negative) experience and the (positive) experiences of others.'"  *Rucker v. Gilmore*, No. 13-cv-03028-JAR, 2015 WL 506210, at *9 (D. Kan. Feb. 6, 2015) (quoting *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 632 (10th Cir. 2014)).  "Because 'it is exceedingly difficult to demonstrate that any difference in

treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable . . . courts have imposed exacting burdens on plaintiffs to demonstrate similarity in class-of-one cases.'" *Shifrin v. Toll*, 483 F. App'x 446, 449 (10th Cir. 2012) (quoting *Jicarilla Apache Nation*, 440 F.3d at 1213).

Here, Plaintiff alleges that Defendants treated him differently because "the Jefferson County Sheriff's Department and the Jefferson County Combined Courts have chosen over half the population of the jail to either release early, lower bonds drastically, or give personal recognizance bonds." *Compl.* [#1] at 4. He appears to argue that persons who have committed worse crimes than him have been released, while he has not been. *See id.* Nevertheless, Plaintiff pleads no facts that support how other pretrial detainees were similarly situated to him in any material respect. In other words, the mere fact that other pretrial detainees were released from the Jefferson County Detention Facility does not adequately allege that they were similarly situated to Plaintiff, and the mere fact that they were released early while Plaintiff was not does not show that they were treated more favorably than him in violation of the Equal Protection Clause. Therefore, Plaintiff fails to plausibly allege the first element of his equal protection claim.

Accordingly, the Court **recommends** that the Motion [#17] be granted to the extent that Plaintiff asserts a Fourteenth Amendment discrimination/equal protection claim against Defendant Shrader, and that this claim be **dismissed without prejudice** for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) (explaining that if the party against whom the dismissal is directed,

particularly a pro se litigant, can correct defects in the pleading stage or state a claim for relief, it is preferred that the Court dismisses without prejudice).

### 2.      Deliberate Indifference

Defendant Shrader argues that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, bars Plaintiff's request for money damages.  *Motion* [#17] at 12-13.  For the following reasons, the Court agrees.

Section 1997e(e) "bars compensatory damages in the absence of physical injury . . . ." *Lewis v. Clark*, 577 F. App'x 786, 802 (10th Cir. 2014) (citing *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001)).  Here, Plaintiff has not alleged any physical injury in the Complaint [#1], such as, for example, that he personally ever contracted COVID-19.[8] In the absence of such an allegation, his claim for compensatory damages is barred.  *See, e.g.*, *id.* (stating that "the district court correctly observed that [the plaintiff] may not obtain compensatory damages" in the absence of an allegation of physical injury).

Of course, "although § 1997e(e) bars compensatory damages in the absence of physical injury, it does not bar nominal or punitive damages in such cases." *Id.*  Here, Plaintiff has not explicitly requested nominal or punitive damages in his Complaint [#1].  In

---

[8] Plaintiff later states in briefing on the Motion [#17] that he contracted COVID-19, *see Response* [#42] at 5, but in adjudicating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is limited to examining the allegations made within the four corners of the complaint, except in limited circumstances not present here.  *See Mobley*, 40 F.3d at 340.  Even if the Court could consider this statement, Plaintiff has provided no detail regarding the disease's impact on him, and thus it is impossible for the Court to determine whether the de minimus injury requirement of the PLRA is met here.  *See, e.g.*, *Mackey v. Watson*, No. 17-cv-01341-CMA-STV, 2019 WL 3955882, at *6 (D. Colo. Aug. 22, 2019) (discussing the de minimus injury requirement of the PLRA).  Regardless, Plaintiff's statement that he has since contracted COVID-19 may, however, provide adequate grounds for the filing of an amended complaint.  *See Reynoldson*, 907 F.2d at 125 (explaining that if the party against whom the dismissal is directed, particularly a pro se litigant, can correct defects in the pleading stage or state a claim for relief, it is preferred that the Court dismisses without prejudice).

-11-

his briefing on the Motion [#17], he does not state that he is seeking nominal or punitive damages and, indeed, his statements all appear to support a conclusion that his requested damages are compensatory in nature for his various alleged injuries. *Response* [#42] at 2-5. Although the Court must construe liberally the filings of a pro se litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court is not required to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *see Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). This is not a situation like the one faced by the Tenth Circuit Court of Appeals in *Lewis v. Clark*, 577 F. App'x at 802, where the plaintiff had explicitly requested both nominal and punitive damages in his complaint, which required reversal of the trial court's decision that the plaintiff's damages were all barred by the PLRA.

Accordingly, the Court **recommends** that the Motion [#17] be granted to the extent that Plaintiff asserts a Fourteenth Amendment deliberate indifference claim against Defendant Shrader, and that this claim be **dismissed without prejudice** for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Reynoldson*, 907 F.2d at 125.

## IV. Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#17] be **GRANTED**, that all claims against Defendants JCSD and Shrader be **dismissed with prejudice in part and without prejudice in part**, as outlined above.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 22, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge